

FILED
CHARLOTTE, NC

FEB 09 2012

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE APPLICATION** | ) | **CASE NO. 3:11-mj-** *29* |
| **OF THE UNITED STATES OF AMERICA** | ) | |
| **FOR AN ORDER REQUIRING DISCLOSURE** | ) | |
| **OF GLOBAL POSITIONING SYSTEM (GPS)** | ) | *UNDER SEAL* |
| **LOCATION DATA FOR A MOTOR VEHICLE** | ) | |
| **DESCRIBED AS A SILVER 2012** | ) | |
| **CHEVROLET IMPALA BEARING** | ) | |
| **REGISTRATION NC/AJX-6859 AND** | ) | **ORDER** |
| **AND VEHICLE IDENTIFICATION NUMBER** | ) | |
| **2G1WC5E35C1165674** | ) | |
| | ) | |

This matter is before the Court upon Application of the United States of America, pursuant to the All Writs Act, for the issuance of an Order to obtain assistance for determining the location of a silver 2012 Chevrolet Impala, bearing Vehicle Identification Number (VIN) 2G1WC5E35C1165674 (the "Target Vehicle") in connection with the investigation of marijuana trafficking conspiracy and money laundering conspiracy crimes ("Subject Offenses") that occurred in this Western District of North Carolina and elsewhere.

THE COURT FINDS that the Application establishes probable cause to believe that the requested location data will lead to the apprehension of a defendant charged with the aforementioned Subject Offenses who is currently the customer on record as having leased the vehicle and is believed to be operating the Target Vehicle. The Application further shows that a manufacturer's OnStar Global Positioning System (GPS) is already installed on the Target Vehicle. Further, there is a need for assistance from private third parties, *i.e.*, OnStar, to assist in locating the Target Vehicle and a need for secrecy until the investigation is concluded, and further, that grounds exist for the issuance of this Order.

IT IS THEREFORE ORDERED, pursuant to Fed. R. Crim. P. 41, and Title 28, United States Code, Section 1651, and Title 18, United States Code, Sections 3122-24, that any time within ten (10) days of the signing of this Order, Agents of the U.S. Department of Homeland Security, Homeland Security Investigations, are authorized to direct OnStar Corporation to assist them in determining the GPS data for the Target Vehicle for a period not to exceed thirty (30) days from the initiation of the monitoring, unless extended by subsequent Order of this Court. The information acquired shall be specifically limited to that necessary to ascertain the real-time physical location of the Target Vehicle. Monitoring of the Target Vehicle's location is authorized at any time of the day or the night as required, and while the Target Vehicle is within or outside this Western District of North Carolina.

IT IS FURTHER ORDERED that OnStar Corporation shall furnish Agents of the the U.S. Department of Homeland Security, Homeland Security Investigations, any information, facilities, and technical assistance necessary to accomplish the objectives of this Order unobtrusively.

IT IS FURTHER ORDERED that, upon application, OnStar or General Motors shall be compensated for reasonable expenses incurred in complying with this Order.

IT IS FURTHER ORDERED that OnStar, its affiliate General Motors, and their officers, employees, agents, or other specified persons, for providing information, facilities, or assistance in accordance with the terms of this Order, shall be entitled to immunity from any action brought against them in any court, pursuant to the immunities conferred under the United States Code, state statutes, and the common law.

IT IS FURTHER ORDERED that this Order and the Application be sealed until otherwise ordered by the Court, except one (1) copy provided to the U.S. Department of

Homeland Security, Homeland Security Investigations; one (1) copy provided to OnStar, and one (1) copy provided to the United States Attorney's Office (Steven.Kaufman@usdoj.gov).

IT IS FURTHER ORDERED that OnStar, its agents and employees, shall not disclose the existence of the GPS monitoring under this Order or the existence of the investigation to any person who is not required to affect this monitoring, unless or until otherwise ordered by the Court, and OnStar's officers, employees and agents shall use their best efforts to avoid activating any console or other OnStar lighting, auditory, or other system indicator that would notify the driver and /or occupants of the Target Vehicle as to the OnStar GPS query that is being ordered by this Court.

IT IS FURTHER ORDERED that the United States Attorney shall keep the Court informed as to the continued necessity to keep matters under seal and shall inform the Court at once when the investigation has ended, or when there is no further need to keep these matters sealed. IT IS FURTHER ORDERED that this Order be returned to the issuing judicial officer within 10 days after the termination of the execution of the Order.

IT IS FURTHER ORDERED that any notice required by Rule 41(f) may be delayed for up to 30 days following the expiration of this Order, in accordance with Title 18, United States Code, Section 3103a(b), by reason of the fact that immediate notification of the execution of the Order may result in flight from prosecution or may otherwise seriously jeopardize the investigation.

SO ORDERED this 9th day of February 2012.

THE HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE